**Rick DEVINE, Plaintiff,**

v.

**JEFFERSON COUNTY, KENTUCKY, et al., Defendants.**

**No. CIV.A.3:99CV–695–S.**

United States District Court, W.D. Kentucky, at Louisville.

Feb. 1, 2001.

Philip C. Kimball, Louisville, KY, for Plaintiff.

David Lindsay Leightty, Louisville, KY, for Defendants.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before the Court on the Plaintiff's motion pursuant to Fed.R.Civ.P. 59(e) to set aside our previous order granting summary judgment to the Defendants. For the reasons described below, we will deny this motion by a separate order entered this date.

### DISCUSSION

For the purposes of this motion, the Plaintiff, Rick Devine ("Devine") only objects to those portions of our opinion and order which granted summary judgment to the Defendants for Devine's claim of retaliatory discharge. He contends that we failed to consider this claim and that we misapprehended or ignored his evidence on this issue. He argues, then, that we should reconsider and amend our order as to this claim for several reasons.

First, he claims that the Defendants did not raise this issue in their motion for summary judgment and that, therefore, he did respond to it in his brief. However, the Defendants did raise the issue in their original brief. (*See* Def. Summ.J., at 5–6,

7–8). Also, Devine's claim of surprise is belied by the fact that major portions of his Response brief were devoted to establishing that the Defendants' reason for the termination was pretextual. (*See* Pla. Resp. Summ.J., at 3–6, 8–9). Devine, then, had an opportunity to present his argument regarding pretext, the one which we ultimately held to be unavailing. Therefore, he was not prejudiced.

Next, Devine argues, again, that he "did not falsify anything." However, he has recognized that he committed a "major" violation of the Jefferson County Emergency Medical Service's ("JCEMS's") collective bargaining agreement which subjected him to "termination for the first offense." (Def.Summ.J., Exh. N); (Def. Summ.J., Exh. O, Art. 18 § 3(c)). Devine only subjectively disagrees with the Defendants as to whether the severity of his infraction merited termination. If his opinion could be supported by the record, it might be sufficient to create a triable issue for the jury. However, Devine's opinion, by itself, is not competent evidence of pretext.

Devine also points to his affidavit, submitted with his reply brief, in which he stated that he had witnessed other paramedics and EMTs commit identical infractions without being disciplined and that he and his other colleagues committed similar acts on forty to fifty percent of their runs. (*See* Pla. Resp. Summ.J., Exh. 1 ¶ 10). In making our decision, we considered this statement but concluded that it was not competent evidence for several reasons. First, Devine's statement regarding the signatures of nurses at hospitals was explained away by the Defendants in their Reply brief. (*See* Def. Reply Summ.J., at 2). It appears that these cover a majority of Devine's alleged undisciplined transgressions. Second, Devine does not provide any specific details as to this "routine" practice. His affidavit contains an abundance of allegations and generalizations but few, if any, facts which would be appropriate for a jury to consider. It is well established that affidavits containing "nothing more than ... conclusory allegations and subjective beliefs ... are wholly insufficient evidence" to establish a claim "as a matter of law." *Mitchell v. Toledo Hospital,* 964 F.2d 577, 585 (6th Cir.1992).

The same deficiency is present in his allegation that the JCEMS command was aware of this "routine" practice. What are noticeably absent from his affidavit are allegations that these incidents were reported to JCEMS command and corroboration from anyone else at JCEMS that Devine's statements are true. Because discovery was complete, we could not excuse Devine's failure to provide another witness who could support his conclusory allegations.

In this same vein, Devine points to the statements in his affidavit which allege that other JCEMS employees were treated less severely for equal or worse transgressions. (*See* Pla. Resp. Summ.J., Exh. 1 ¶¶ 8, 9). This evidence suffers from the same faults listed above. In addition, we note that Devine does not have personal knowledge of these facts which would make him competent to give this testimony at trial. For example, Devine affirms:

> Approximately three years ago, Mark Richardson falsified a run form. I believe he was subjected to some minor discipline. He certainly was not discharged, because he is now a police officer as a result of glowing references from the Jefferson County EMS command. (Pla.Resp.Summ.J., ¶ 9).

Simply stated, this statement is rife with self-serving conclusions and cannot be considered by the Court in a motion for summary judgment. Additionally, in their Reply brief, the Defendants presented

competent evidence which disproved Devine's allegations concerning Mark Richardson and validly explained the disparate treatment of Darrell Phillips. More importantly, the Defendants presented evidence of another employee who was terminated for committing a violation similar to Devine's. This termination was completed subsequent to the Darrell Phillips decision and not long before Devine's falsification. It completely discredits Devine's unsupported claims of pretext.

When we weighed this evidence against the self-serving affidavit, we concluded that, "Devine, in turn, fails to provide evidence that would create a genuine issue of material fact as to [whether] this justification for his termination was pretextual." (Opinion of Dec. 1, 2000, at 5). We recognize that Devine's affidavit evidences his firm belief that these decisions were pretextual. However, his only evidence of pretext is his affidavit. This simply is not enough to create a genuine factual dispute, especially when he alleges such widespread, "routine" practices which are capable of documentation.

## CONCLUSION

The Court considered Devine's evidence and arguments in deciding that there was not a genuine issue of fact regarding pretext. Therefore, Devine has not presented anything new upon which we would reconsider and amend our earlier order. The Plaintiff's motion will be denied by separate order entered this date.

## ORDER

For the reasons set forth in the memorandum opinion entered this date and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiff's motion for

reconsideration and amendment is **DENIED.**

This is a final and appealable order.